IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
NOV 30 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ARLESS C. HUDSON, et al., )
        Plaintiffs, )
       v. )   NO. 05Cv 6783
)
DEUTSCHE BANK AG, et al., )   JUDGE HOLDERMAN
)
        Defendants. )   MAGISTRATE JUDGE VALDEZ

**NOTICE OF FILING**

PLEASE TAKE NOTICE that on November 30, 2005, Defendants Deutsche Bank AG and Deutsche Bank Securities Inc.'s Notice of Removal was filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, a copy of which is attached and hereby served upon you.

Dated: Chicago, Illinois
       November 30, 2005

                              Respectfully submitted,

                              FREEMAN FREEMAN & SALZMAN, PC

                              By: _____
                                Jerrold E. Salzman
                                Joseph P. Adamczyk

                              401 North Michigan Avenue, Suite 3200
                              Chicago, Illinois 60611-4207
                              Telephone: (312) 222-5100
                              Facsimile: (312) 822-0870

                              Lawrence M. Hill
                              Seth C. Farber
                              DEWEY BALLANTINE LLP
                              1301 Avenue of the Americas
                              New York, New York 10019-6092
                              Telephone: (212) 259-8000
                              Facsimile: (212) 259-6333

                              Attorneys for Defendants Deutsche Bank AG and
                              Deutsche Bank Securities Inc.

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendants Deutsche Bank AG, Deutsche Bank Securities, Inc., Craig Brubaker and David Parse, hereby certifies that on November 30, 2005, true and correct copies of the foregoing **NOTICE OF FILING**, **NOTICE OF REMOVAL** and **APPEARANCE** were served by Messenger or Federal Express upon the following counsel of record on the attached Service List:

Joseph P. Adamczyk

## SERVICE LIST
### Arless Hudson, et al. v. Deutsche Bank AG, et al., No. 05 CH 16856 (PLB)

| **Attorneys for Plaintiffs** | **ATTORNEYS FOR DEFENDANTS:** |
|---|---|

**Attorneys for Plaintiffs**

Robert J. Weber
Law Office of Robert J. Weber
30 N. LaSalle Street, Suite 2900
Chicago, Illinois 60602
Tel: 312-920-0120
Fax: 312-920-0124

David R. Deary
W. Ralph Canada, Jr.
Stewart Clancy
Jeven R. Sloan
Deary Montgomery Defeo & Canada, L.L.P.
Chateau Plaza, Suite 1565
2515 McKinney Avenue
Dallas, Texas 75201
Tel: 214-292-2600
Fax: 215-739-3879

Joe R. Whatley, Jr.
Othni Lathram
WhatleyDrake, LLC
2323 2nd Avenue North
Birmingham, Alabama 35203
Tel: 205-328-9576
Fax: 205-328-9669

Ernest Cory
Cory Watson Crowder & Degaris
2131 Magnolia Avenue
Birmingham, Alabama 35205
Tel: 205-328-2200
Fax: 205-324-7896

**ATTORNEYS FOR DEFENDANTS:**

**Attorneys for Banc One Investment Advisors n/k/a JPMorgan Chase; Bank One Corp. n/k/a JPMorgan Chase; and American National Bank & Trust, n/k/a JPMorgan Chase**

Thomas M. Durkin
Daniel G. Hildebrand
J. Gregory Deis
Mayer, Brown, Rowe & Maw LLP
71 S. Wacker Drive
Chicago, Illinois 60606
Tel: 312-706-0600
Fax: 312-701-7711

**Attorneys for Deutsche Bank AG and Deutsche Bank Securities Inc.,**

Lawrence M. Hill
Seth C. Farber
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, NY 10019-6092
Tel: 212-259-8000
Fax: 212-259-6333

**Attorneys for Craig Brubaker and David Parse**

Susan Brune
Theresa Trzaskoma
BRUNE & RICHARD LLP
80 Broad Street
New York, NY 10004
Tel: 212-668-1900
Fax: 212-668-0315

Laurie Edelstein
BRUNE & RICHARD LLP
2019 Webster Street
San Francisco, CA 94115
Tel: 415-563-0600
Fax: 415-563-0613

**Attorneys for Scott Deichmann, Jeffrey Conrad, and Jeff Ohle, III**
David J. Stetler
Stetler & Duffy, Ltd.
11 S. LaSalle Street, Suite 1200
Chicago, Illinois 60603
Tel: 312-338-0200
Fax: 312-338-0070


**Attorneys for White & Case LLP**
David J. Bradford
David C. Layden
Jenner & Block LLP
One IBM Plaza
Chicago, Illinois 60611-7603
Tel: 312-923-2975
Fax: 312-840-7375

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARLESS C. HUDSON AND THE ACH SUNRISE TRUST<br><br>PLAINTIFFS,<br><br>vs.<br><br>DEUTSCHE BANK AG; DEUTSCHE BANK SECURITIES INC., D/B/A DEUTSCHE BANK ALEX BROWN, a DIVISION OF DEUTSCHE BANK SECURITIES INC., DAVID PARSE; CRAIG BRUBAKER; MATT COLNON; BANC ONE INVESTMENT ADVISORS CORPORATION; BANK ONE CORPORATION N/K/A J.P. MORGAN CHASE & CO.; AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO; SCOTT DEICHMANN; JEFFREY CONRAD; WHITE & CASE LLP; AND JOHN OHLE, III.<br><br>DEFENDANTS. | Case No. \_\_\_\_\_<br><br>05C 6783<br><br>JUDGE HOLDERMAN<br><br>MAGISTRATE JUDGE VALDEZ<br><br>FILED<br>NOV 30 2005<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

### DEUTSCHE BANK AG AND DEUTSCHE BANK SECURITIES INC.'S NOTICE OF REMOVAL

NOTICE IS HEREBY GIVEN that Defendants Deutsche Bank AG and Deutsche Bank Securities Inc. ("DBSI"), d/b/a Deutsche Bank Alex. Brown Inc. ("DB Alex. Brown") (collectively, "Deutsche Bank") hereby remove to this Court the State Court action described below pursuant to 9 U.S.C. § 205, because it relates to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), and 28 U.S.C. § 1441, because the Plaintiffs' asserted right to relief necessarily depends on the resolution of a substantial federal question.

1

I. **BACKGROUND**

1. On or about October 3, 2005, a complaint captioned *Arless C. Hudson and The ACH Sunrise Trust v. Deutsche Bank AG, Deutsche Bank Securities, Inc., d/b/a Deutsche Bank Alex. Brown, a Division of Deutsche Bank Securities, Inc., David Parse, Craig Brubaker, Matt Colnon, Banc One Investment Advisors Corporation, Bank One Corporation n/k/a JP Morgan Chase & Co., American National Bank and Trust Company of Chicago, Scott Deichmann, Jeffrey Conrad, White & Case, LLP, and John Ohle, III*, Case No. 2005CH16856, was filed in the Circuit Court of Cook County, Illinois, County Department, Chancery Division ("Complaint" or "Compl.").

2. Deutsche Bank received the Complaint on or about October 31, 2005. Copies of the Complaint and all process, pleadings and orders that have been served on or received by Deutsche Bank in this action are attached hereto as Exhibit 1, as required by 28 U.S.C. § 1446(a).

3. On information and belief, Defendants David Parse and Craig Brubaker were served or otherwise received the Complaint at or about the same time as Deutsche Bank.

4. The consents of Defendants Craig Brubaker, David Parse, White & Case, LLP and Banc One Investment Advisors Corporation n/k/a JPMorgan Investment Advisors, Inc., Bank One Corporation n/k/a JPMorgan Chase & Co., and American National Bank and Trust Company of Chicago n/k/a JPMorgan Chase Bank, NA are attached hereto as Exhibit 2.

5. On information and belief Banc One Investment Advisors Corporation n/k/a JPMorgan Investment Advisors, Inc., Bank One Corporation n/k/a JPMorgan Chase & Co., American National Bank and Trust Company of Chicago n/k/a

JPMorgan Chase Bank, NA, Scott Deichmann, Jeffrey Conrad, John Ohle, III, Matt Colnon and White & Case, LLP have not been served by Plaintiffs with a summons and complaint as of the time of this removal petition.

  6. The Deutsche Bank Defendants will file promptly a copy of this Notice of Removal with the clerk of the state court where the action has been pending.

## II. THE COMPLAINT

  7. This action is brought by an individual, Arless C. Hudson, and her related entity. According to the Complaint,[1] Hudson's advisor, Ron Comm, was contacted by Matt Colnon of Banc One Investment Advisors Corporation, Bank One Corporation n/k/a JP Morgan Chase & Co., American National Bank and Trust Company of Chicago (collectively, "Banc One") regarding "a tax savings strategy that he believed could help Hudson in reducing her tax liability for the year 2001 from the sale of a business owned by the Hudson family." Compl. ¶ 52. The Complaint alleges that Plaintiff's advisor, Wayne Cooper, and her son, Craig Hudson, met with defendants John Ohle, III, Scott Deichmann and Jeffrey Conrad, all employees of Banc One at the time, to discuss the strategy (the "Strategy"), which is sometimes referred to by the acronym HOMER. *Id.* ¶ 53. According to the Complaint, the Bank One defendants then referred Hudson's representatives to Paul Daugerdas of Jenkens & Gilchrist and participated in additional meetings and phone calls with the Bank One defendants, Daugerdas and Craig Brubaker and David Parse, both Deutsche Bank employees at the time. *Id.* ¶¶ 54-58. Hudson alleges that Parse and Brubaker "confirmed the legitimacy of the HOMER strategy," "discussed the options on German bonds that were involved," and "informed

---

[1] Deutsche Bank does not admit any of the factual allegations in the Complaint and expressly reserves the right to contest those allegations at the appropriate time.

the Hudson representatives that the Options provided an opportunity to make a profit on the investment." *Id.* ¶ 58. Plaintiffs agreed to engage in the Strategy and later implemented the Strategy that allegedly allowed them to utilize the losses generated by the Strategy for the tax year 2001. *Id.* ¶¶ 59, 68-83, 90-91.

        8.      Hudson alleges that the Defendants failed to inform her of the IRS Amnesty Program offered in 2002 and, therefore, she did not participate in the Amnesty Program. *Id.* ¶ 93. Hudson further alleges that in March 2004, she was notified by Jenkens & Gilchrist that there was a high likelihood that they, or one of the other Defendants, would be required to disclose Hudson's participation in the Strategy to the IRS. *Id.* ¶ 94. Hudson then amended her 2001 Federal and State tax returns, and was subsequently placed under IRS audit for her 2001 Federal tax return. *Id.* ¶ 95. Hudson further alleges that she learned of the "fraud and illegality" of the Strategy after retaining new tax and legal advisors, *id.* ¶ 96, though she does not specify when that occurred.

        9.      Subsequently, Plaintiffs filed this lawsuit, alleging in their Complaint the following causes of action: violation of the Illinois Consumer Fraud and Deceptive Business Act (815 Ill. Comp. Stat. 505/2 (1993)) against all Defendants (Count I); breach of contract/breach of the duty of good faith and fair dealing against the Deutsche Bank Defendants only (Count II); breach of fiduciary duty against all Defendants except White & Case (Count III); fraud against all Defendants (Count IV); negligent misrepresentation against all Defendants (Count V); negligence against all Defendants (Count VI); breach of contract against all Defendants except the Deutsche Bank Defendants and White & Case (Count VII); declaratory judgment against all Defendants (Count VIII); and civil conspiracy against all Defendants (Count IX).

Plaintiffs allege that they paid "substantial fees" in connection with the Strategy, *id.* ¶¶ 105, 109, 110, 118, 124, 127-129, 131, 138, 139, and seek actual, punitive and exemplary damages, as well as attorneys' fees, costs and interest. Prayer for Relief, ¶ K.

### III. JURISDICTION AND VENUE

10. This Court has jurisdiction over this lawsuit for two reasons.

11. First, this Court has jurisdiction under 9 U.S.C. § 203, because "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." *Id.*

12. Under 9 U.S.C. § 205, "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." *Id.*

13. Pursuant to 9 U.S.C. § 202, "[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title [9 U.S.C. § 2], falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a

5

corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States." *Id.*

14. Second, this Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, because substantial disputed issues of federal tax law are necessary elements of Plaintiffs' claims. This court also has supplemental jurisdiction over any other state law claims pursuant to 28 U.S.C. § 1367.

15. Venue is proper in this district under 9 U.S.C. § 205 and 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the removed action has been pending.

## IV. GROUNDS FOR REMOVAL

### A. Removal Is Proper Pursuant To 9 U.S.C. § 205

16. To implement the Strategy, Plaintiffs opened securities brokerage accounts with DB Alex. Brown[2] for the purpose of trading German Government Bond options. According to the Complaint, the losses generated from the Strategy were used to offset gains on Plaintiffs' personal tax returns. *See* Compl. ¶¶ 62, 90-91.

17. To implement the Strategy, in or about November 2001, Plaintiffs Arless C. Hudson and the ACH Sunrise Trust entered into Account Agreements with DB Alex. Brown governing Plaintiffs' relationship with DB Alex. Brown. Each of the Account Agreements that Hudson and the Trustee for the ACH Sunrise Trust executed with DB Alex. Brown contains the same mandatory arbitration clause at Paragraph 20. This provision not only encompasses disputes relating to the activity in these accounts, but also is broadly written to cover all disputes with DB Alex. Brown and its affiliates,

---

[2] DB Alex. Brown merged into, and later changed its name to, Deutsche Bank Securities Inc.

including disputes based on prior events or related to other accounts. Specifically, the clause provides that Plaintiffs:

> agree to arbitrate with you any controversies which may arise, whether or not based on events occurring prior to the date of this agreement, including any controversy arising out of or relating to any account with you, to the construction, performance or breach of any agreement with you, or to transactions with or through you, only before the New York Stock Exchange or the National Association of Securities Dealers Regulation, Inc., at my election.

Account Agreement between DB Alex. Brown and Arless C. Hudson, executed by Arless C. Hudson on November 17, 2001, ¶ 20, attached hereto as Exhibit 3.[3] Thus, the arbitration agreement covers "any controversies which may arise," and, accordingly, all of Plaintiffs' claims against DB Alex. Brown must be arbitrated.

18. Deutsche Bank AG, Deutsche Bank Securities Inc.'s ultimate parent corporation, can also enforce the arbitration agreements against Plaintiffs for at least three independent reasons.

19. *First,* Plaintiffs agreed to arbitrate with Deutsche Bank AG. Under the terms of the Account Agreements, Plaintiffs agreed to arbitrate with "you" which is defined, *inter alia,* as the "affiliates" of DB Alex. Brown. *See* Account Agreements, Introductory Paragraph, Exs. 3-4. A parent is an affiliate of any of its subsidiaries. BLACK'S LAW DICTIONARY (8th ed. 2004) (defining "affiliate" as "1. A corporation that is related to another corporation by shareholdings or other means of control; a subsidiary, *parent* or sibling corporation.") (emphasis added); *see also Harold Ives Trucking Co. v. Pickens*, 139 S.W. 3d 471, 473-74 (Ark. 2003) (citing Black's definition with approval in finding that the "ordinary and usually accepted meaning" of the term "affiliate" includes

---

[3] The other Account Agreement entered into between DB Alex. Brown and Plaintiff the ACH Sunrise Trust, which contains an identical arbitration clauses, is attached as Exhibit 4.

a parent company). Moreover, the Account Agreements define "affiliate of Deutsche Bank" as "Deutsche Bank AG and its subsidiaries," see Account Agreements, Introductory Paragraph, Exs. 3-4, and thus expressly identify DB Alex. Brown and Deutsche Bank AG as affiliates.

20. *Second*, principles of equitable estoppel prevent Plaintiffs from suing Deutsche Bank AG and DB Alex. Brown as a single integrated entity while at the same time arguing that they are distinct for purposes of the arbitration agreement. *Fyrnetics (Hong Kong) Ltd. v. Quantum Group, Inc.*, No. 99 C 4704, 2001 WL 40900, at *3 (N.D. Ill. Jan. 11, 2001) ("[I]f claims against two affiliated companies are based on the same facts and are inherently inseparable, the claims against both may be referred to arbitration even though just one of the companies is a party to the arbitration agreement."), citing *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textiles, S.A.*, 863 F.2d 315, 320-21 (4th Cir. 1988) ("When the charges against a parent company and its subsidiary are based on the same facts and are inherently inseparable, a court may refer claims against the parent to arbitration even though the parent is not formally a party to the arbitration agreement."). The Complaint itself does not distinguish between Deutsche Bank AG and Deutsche Bank Alex. Brown. *See, e.g.*, Compl. ¶ 8. Moreover, the Complaint alleges that all Defendants "knowingly acted in concert to market and implement the fraudulent and illegal" tax shelter strategies. *Id.* ¶ 166. As a result of the Plaintiffs' allegations of substantially interdependent and concerted misconduct, the arbitration agreement with DB Alex. Brown estops Plaintiffs from avoiding arbitration with Deutsche Bank AG, as well. *See Hoffman v. Deloitte & Touche, LLP*, 143 F. Supp. 2d 995, 1005 (N.D. Ill. 2001) (equitable estoppel allows a non-signatory to compel

arbitration when the signatory raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract) (citation omitted).

21. *Third*, the Account Agreements specifically state that DB Alex. Brown was empowered to engage in foreign options transactions with Deutsche Bank AG (or an affiliate) and that Deutsche Bank AG would earn its normal commissions, spread or fees for those services. *See* Account Agreements ¶ 17 and Introductory Paragraph, Exs. 3-4. Thus, the Agreements expressly contemplated a role for Deutsche Bank AG in the foreign options transactions and addressed the nature of the compensation that Deutsche Bank AG would receive for its participation. *See id.* ¶ 17, Exs. 3-4. As a result, Deutsche Bank AG, as an intended beneficiary of the agreement, should be permitted to enforce the arbitration clause. *See Hoffman* 143 F. Supp. 2d at 1004 (third-party beneficiary could enforce arbitration clause).

22. The above-referenced arbitration provisions contained in the Account Agreements fall under the Convention because they arise out of a relationship that "involve[d] property located abroad, envisage[d] performance or enforcement abroad, or ha[d] some other reasonable relation with one or more foreign states." 9 U.S.C. § 202.

23. First, the relationship between Plaintiffs and Deutsche Bank involved property located abroad. As part of the Strategy, Plaintiffs entered into a series of transactions with a foreign entity, *i.e.,* the London branch of Deutsche Bank AG, a

German corporation.[4] For example, on November 23, 2001, Hudson borrowed $103,350,000.00 from Deutsche Bank AG's London branch. See Compl. ¶ 73; see also Promissory Note of Arless C. Hudson, attached hereto as Ex. 5.

24. Second, the relationship between Plaintiffs and Deutsche Bank envisaged performance abroad because the Account Agreement specifically authorizes DB Alex. Brown to engage in foreign securities transactions with an affiliate of Deutsche Bank AG. See Account Agreements ¶ 17, Exs. 3-4.

25. Further, Deutsche Bank AG acted as a counterparty, through its London branch, to trades with Plaintiffs as part of the Strategy. See Confirmations issued by Deutsche Bank AG London to Arless C. Hudson, attached hereto as Exs. 6-9.

26. Third, the relationship between Plaintiffs and Deutsche Bank had a reasonable relation with Germany. As previously discussed, Plaintiffs agreed to arbitrate with "you" -- a term defined to include, among other things, "affiliates" -- and "affiliates of Deutsche Bank" in turn is defined to include Deutsche Bank AG. As such, Deutsche Bank AG, a German corporation, is made a party to the Account Agreements and arbitration provision. In addition, the transactions at issue involved the value of bonds issued by the German government as determined at specified times in Frankfurt by reference to prices on the stock exchange where those bonds are issued.

27. Because the Account Agreements containing the arbitration clauses arise out of this relationship, the arbitration clauses fall within the Convention, and removal of this action is, therefore, proper under 9 U.S.C. § 205. See Keeter, et al. v. KPMG LLP, et al., No. 1:04-cv-3759-WSD, slip op. 4-5 (N.D. Ga. May 16, 2005)

---

[4] The Complaint alleges that Deutsche Bank AG is a German corporation with its principal place of business at Taunusanlage 12, 60325 Frankfurt am Main, Germany. See Compl. ¶ 6.

(attached hereto as Exhibit 10); *Hansen v. KPMG, LLP*, et al., SA CV 04-10525-GLT (MANx), slip op. at 2-4 (C.D. Cal. Mar. 29, 2005) (attached hereto as Exhibit 11); *Chew, et al. v. KPMG, LLP, et al.*, No. 3:04CV748BN, slip op. at 11-12 (S.D. Miss. Jan. 6, 2005) (attached hereto as Exhibit 12); *Reddam, et al. v. KPMG, LLP, et al.*, No. SA CV 04-1227-GLT (MANx), slip op. at 2-6 (C.D. Cal. Dec. 15, 2004) (attached hereto as Exhibit 13).

**B. Removal Is Proper Pursuant To 28 U.S.C. § 1441 Because Resolution Of Plaintiffs' Claims Requires Interpretation Of The Federal Tax Code**

28. This Court also has jurisdiction over this case because Plaintiffs' right to relief necessarily depends on the resolution of a substantial federal question.

29. State law causes of action that implicate significant federal issues and thus warrant resort to the experience and uniformity provided by a federal forum provide a basis for federal question jurisdiction and removal of the action to federal court. For example, in a case necessarily involving the resolution of a disputed issue of federal tax law, the Supreme Court recently issued an opinion holding that "the national interest in providing a federal forum for federal tax litigation is sufficiently substantial to support the exercise of federal question jurisdiction over the disputed issue on removal." *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 125 S.Ct. 2363, 2365 (2005).[5]

---

[5] *But see Acker, et al. v. AIG Int'l, et al.*, No. 05-22072-CIV-MOORE, slip op. (S.D. Fla. Nov. 7, 2005); *Robinson, et al. v. Deutsche Bank AG, et al.*, No. W-05-CA-270, slip op. (W.D. Tex. Oct. 19, 2005); *Baker, et al. v. BDO Seidman, L.L.P., et al.*, 390 F. Supp. 2d 999 (N.D. Cal. 2005); *Cantwell, et al. v. Deutsche Bank Securities, Inc., et al.*, No. 3:05-CV-1378-D, slip op. (N.D. Tex. Sep. 21, 2005); *Maletis, et al. v. Perkins & Co., et al.*, No. CV-05-820-ST, (Findings & Recommendations), (D. Or. Sept. 13, 2005); *Sheridan v. New Vista, L.L.C.*, No. 1:05-CV-428, 2005 WL 2090898 (W.D. Mich. Aug. 30, 2005); *Snyder, et al. v. Jenkens & Gilchrist, P.C., et al.*, No. 3:05-CV-1350-B (ECF), slip op. (N.D. Tex. Nov. 10, 2005); *Armitage, et al. v. Deutsche Bank AG, et al.*, No 05-3998 PJH, slip op. (N.D. Cal. Nov. 14, 2005); *Cohen, et al. v. Deutsche Bank AG, et al.*, No. SACV 05-957 CJC (MLGx) (C.D. Cal. Nov. 22, 2005); *Ling, et al. v. Deutsche Bank AG, et al.*, No. 4:05CV345 (Findings & Recommendations) (E.D. Tex. Nov. 23, 2005).

11

30. Moreover, when a state law claim raises a substantial federal issue, there is no need for a federal private cause of action in order for a party to remove a case based upon federal question jurisdiction. In *Grable*, the Supreme Court recognized a circuit split regarding the necessity of a federal private right of action for removal based on federal question jurisdiction, and decided that the existence of a federal private right of action is not a prerequisite for federal question jurisdiction. *Id.* at 2366, 2370. Indeed, the Court reasoned that "[t]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court." *Id.* at 2368.

31. Under the holding in *Grable*, there is clearly federal subject matter jurisdiction here. This action is premised on allegations that the "Defendants were illegally promoting an unregistered tax shelter by marketing the HOMER Strategy to Hudson, and that the purported losses arising from the Strategy were not properly allowable for Federal and State income tax purposes." *See* Compl. ¶ 84. Plaintiffs allege that Defendants provided an overview of the strategy's federal tax benefits; suggested that the strategy was legitimate under federal law; and represented that Plaintiffs could rely on tax opinions "to satisfy the IRS as to the propriety of the HOMER Strategy if audited." *Id.* ¶¶ 62, 67, 105(17).

32. According to the Complaint, Defendants made numerous misrepresentations regarding the tax treatment of HOMER under the Internal Revenue Code. *See, e.g., id.* ¶¶ 84, 87, 89, 105. Plaintiffs allege that Defendants sold "an illegal, improper, and invalid tax shelter that is disallowed and/or prohibited by the IRS" (*id.* ¶ 105(18)); that Defendants misrepresented "that the losses created by the HOMER strategy were legitimate, proper, and in accordance with all applicable tax laws, rules,

and regulations" (*id.* ¶ 105(22)); and that Defendants provided "erroneous tax, legal, investment, and accounting opinions and advice" (*id.* ¶ 105(54)) in connection with what was in fact a "sham transaction" which "violated the step transaction, sham transaction, and economic substance doctrines." *Id.* ¶ 105(64)). As a result, Plaintiffs claim to have suffered injury in fees paid to Defendants, federal income tax penalties and interest incurred, the lost opportunity to avail themselves of other legitimate tax-saving strategies, additional costs in hiring new tax and legal advisors and "all actual damages ... to be proven at trial." *Id.* ¶¶ 118, 119.

33. Plaintiffs allege that Defendants marketed tax products that violated complicated components of federal tax law. *See, e.g., id.* ¶ 166. For example, they allege that Defendants breached their fiduciary duties by advising, recommending, instructing and assisting plaintiffs in engaging in tax strategies "that, unbeknownst to the Plaintiffs, were illegal and improper," (*id.* ¶ 105(64)) and that "the Defendants knew or should have known, before Jenkens issued the Opinion Letters, and before Hudson's tax returns were prepared in reliance on the Defendants' representations, that the IRS would contend that the purported losses arising from the Strategy were not properly allowable for Federal or State income tax purposes." *Id.* ¶ 91.

34. Resolution of Plaintiffs' allegations necessarily involves questions of undecided federal law. The success of Plaintiffs' claims is dependent upon a determination that the tax strategies violated federal law, and Plaintiffs do not allege that any federal court has ruled on the merits of the tax strategy at issue. Their state law claims, including claims for damages sought under state law, necessarily turn on the interpretation of the federal tax code and thus cannot be maintained absent the

13

interpretation of federal tax law. This Court has jurisdiction under 28 U.S.C. § 1331 to consider these hotly disputed questions of federal tax law. *See Grable*, 125 S. Ct. at 2365.

35. Indeed, the appropriateness of a federal forum for the resolution of complex issues of federal tax law was recently recognized in *Becnel v. KPMG LLP*, 387 F. Supp. 2d 984, 986 (W.D. Ark. 2005). In *Becnel*, a case also involving tax-advantaged transactions, the court denied a motion to remand the case after finding that "[i]n order for Plaintiffs to prevail on their state law claims, a determination must be made as to the legitimacy, or legality, of [the tax-advantaged transactions]," and thus concluded that the "Plaintiffs' claims rest on unsettled areas of federal law exclusively requiring adjudication by a federal court, and they require a construction or interpretation of federal law for their resolution." *Id.*

36. Moreover, the exercise of federal question jurisdiction over the disputed issues on removal will not distort the congressionally approved balance of federal and state judicial responsibilities, a concern enunciated by the Supreme Court in *Grable*. *See Grable*, 125 S.Ct. at 2368. Only a small percentage of state law cases asserting the types of claims Plaintiffs assert here – primarily various fraud, breach of contract and breach of fiduciary duty claims – will involve disputed issues of federal tax law, and those that do will benefit from the exercise of federal jurisdiction to promote the uniform and consistent resolution of important federal tax law issues by federal courts. Accordingly, as in *Grable*, the exercise of federal question jurisdiction over this action will "not materially affect, or threaten to affect, the normal currents of litigation." *Id.* at 2371.

37. Based on the foregoing, this Court has federal question jurisdiction over the entirety of Plaintiffs' cause of action pursuant to 28 U.S.C. § 1331. To the extent this Court does not have federal question jurisdiction over any particular claim, it has supplemental jurisdiction over such claim pursuant to 28 U.S.C. § 1367. Accordingly, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441, as well.

Dated: November 30, 2005

FREEMAN FREEMAN & SALZMAN, PC

By: /s/ Jerrold E. Salzman

Jerrold E. Salzman
Joseph P. Adamczyk

401 North Michigan Avenue, Suite 3200
Chicago, Illinois 60611-4207
Telephone: 312-222-5100
Facsimile: 312-822-0870

Lawrence M. Hill
Seth C. Farber
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, New York 10019-6092
Telephone: (212) 259-8000
Facsimile: (212) 259-6333

Attorneys for Defendant Deutsche Bank AG and Deutsche Bank Securities Inc., d/b/a Deutsche Bank Alex. Brown