**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARLESS C. HUDSON, *et al.*,           ) | |
| )                                      | |
| PLAINTIFFS,             )              | **Case No. 05 C 6783** |
| )                                      | |
| vs.                       )            | **Judge Virginia M. Kendall** |
| )                                      | |
| DEUTSCHE BANK AG, *et al.*,      )    | |
| )                                      | |
| DEFENDANTS.            )               | |

**PLAINTIFFS' RESPONSE TO THE DEUTSCHE DEFENDANTS' MOTION TO
<u>COMPEL ARBITRATION AND STAY THE PROCEEDINGS</u>**

DAVID R. DEARY.
W. RALPH CANADA, JR.
JEVEN R. SLOAN
DEARY MONTGOMERY DEFEO
& CANADA, L.L.P.
Chateau Plaza, Suite 1565
2515 McKinney Avenue
Dallas, Texas 75201
(214) 292-2600
(215) 739-3879 (fax)

*LEAD COUNSEL FOR PLAINTIFFS*

ROBERT J. WEBER
LAW OFFICE OF ROBERT J. WEBER
30 N. LaSalle Street, Suite 2900
Chicago, IL 60602
(312) 499-4500
Firm ID No. 25892

*LOCAL COUNSEL FOR PLAINTIFFS*

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................1

II. ARGUMENT AND AUTHORITIES ...................................................................................2

    A. The Deutsche Defendants Are Prohibited from Seeking Arbitration and Thus Obtaining a Stay of any of Plaintiffs' Claims. ..................................................3

    B. The Plaintiffs Have Not Disavowed the *Denney* Class Mechanism. ........................5

IV. CONCLUSION ......................................................................................................................9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*First Options of Chicago v. Kaplan*,
   514 U.S. 938, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995)............................................3

*Galt v. Libbey-Owens-Ford Glass Co.*,
   376 F.2d 711 (7th Cir. 1967) ......................................................................................2

*Howsam v. Dean Witter Reynolds, Inc.*,
   537 U.S. 79, 123 S. Ct. 588, 154 L. Ed. 2d 491 (2002)..............................................2

*Moses H. Cone Mem'l Hospital v. Mercury Construction Corp*,
   460 U.S. 1 (1983).........................................................................................................2

*Neilsen v. Piper, Jaffray & Hopwood, Inc.*,
   66 F.3d 145 (7th Cir. 1995) ........................................................................................5

*Steelworkers v. Warrior & Gulf Nav. Co.*,
   363 U.S. 574, 80 S. Ct. 1347, 4 L. Ed. 2d 1409 (1960)..............................................3

## STATE CASES

*Mueske v. Piper, Jaffray & Hopwood, Inc.*,
   859 P.2d 444 (Mont. 1993) .....................................................................................3, 5

*Wright v. Chicago Title Insurance Co.*,
   196 Ill. App. 3d 920, 554 N.E.2d 511 (Ill.App. 1990)................................................6

## DOCKETED CASES

*Armitage v. BDO Seidman LLP, et al.*, No. SACV-04 1035-AHS
   (C.D. Cal. February 14, 2005) ...................................................................................7

*Barron v. Deutsche Bank AG*, No. SACV-04-00401-AHS
   (C.D. Cal. December 31, 2004) ..................................................................................7

*Blythe v. Deutsche Bank AG, et al.*, No. 04 Civ. 5867 (SAS)
   (S.D.N.Y. Jan. 7, 2005)...............................................................................................7

*Denney v. Jenkens & Gilchrist*, No. 03 Civ. 5460 (SAS),
   230 F.R.D. 317, 2005 WL 388562 (S.D.N.Y. Feb. 18, 2005).................................2-8

*Donald R. Wilson, Jr., et al. v. Deutsche Bank AG*, No. 05-C-3473

**Plaintiffs' Response to the Deutsche Defendants' Motion to
Compel Arbitration and Stay the Proceedings**            iii

    (N.D.Ill. Mar. 20, 2006) ...................................................................................................7, 8

*John Williams, et al. v. Deutsche Bank AG, et al.*, No. 04-7318-M
    (N.D. Tex. July 29, 2004) ....................................................................................................8

*RA Investments I, LLC v. Deutsche Bank AG*, No. 3:04-CV-1565-G
    (N.D. Tex. January 10, 2005) ..............................................................................................7

*Plyler v. BDO Seidman LLP, et. al,* No. 04-2146 B V
    (W.D. Tenn. December 29, 2004) .......................................................................................7

*Tice v. BDO Seidman LLP, et al.* No. SACV-04-05-AHS
    (C.D. Cal. December 31, 2004) ..........................................................................................7

### MISCELLANEOUS

9 U.S.C. §§ 3, 4 ..........................................................................................................................2

NASD Rule 10301(2) .................................................................................................................4

NASD Rule 10301(3) .................................................................................................................5

---

**Plaintiffs' Response to the Deutsche Defendants' Motion to
Compel Arbitration and Stay the Proceedings**      iv

Plaintiffs Arless C. Hudson and The ACH Sunrise Trust (hereinafter sometimes collectively referred to as the "Plaintiffs") file Plaintiffs' Response to the Deutsche Defendants' Motion to Compel Arbitration and Stay the Proceedings (the "Deutsche Motion") filed in this Court by Deutsche Bank AG, Deutsche Bank Securities, Inc. ("DBSI"), David Parse, and Craig Brubaker (collectively, the "Deutsche Defendants"), and show as follows:[1]

## I. INTRODUCTION

Plaintiff Arless C. Hudson is 82 years old. In 2001, she realized a substantial gain from the sale of a family business. In October 2001, the Defendants collectively targeted her as one of the many victims of a fraudulent tax shelter scheme that would ensnare wealthy taxpayers across the country.

Plaintiffs brought this case against the Defendants, alleging that the Defendants defrauded the Plaintiffs through the design, marketing, sale, and implementation of tax advice (*i.e.*, a strategy involving digital options on foreign currency sometimes known as "HOMER") that they knew or should have known the Internal Revenue Service (the "IRS") would claim (i) to be flawed in its conception (*i.e.*, lacked a legitimate business purpose), and (ii) involved "bets" on the movements of foreign currency with no likelihood of positive returns in excess of all fees and thus lacking the "economic substance" necessary for a tax transaction to work in accordance with the tax laws. Plaintiffs also allege that the Defendants charged excessive and unconscionable fees for these transactions, improperly agreed to split those fees between lawyers and non-lawyers, and failed to disclose that the IRS would likely claim the opinion letters

---

[1] All definitions contained in the Plaintiffs' Original Complaint are incorporated herein by reference.

**Plaintiffs' Response to the Deutsche Defendants' Motion to
Compel Arbitration and Stay the Proceedings**     **1**

received from the law firm of Jenkens & Gilchrist[2] provided no "penalty protection" because that firm was "independent", but was actually a promoter of the transactions. Finally, Plaintiffs allege that the Defendants failed to apprise Plaintiffs of critical developments that would have allowed Plaintiffs to amend their returns and/or participate in the "Amnesty Program" offered by the IRS, thus avoiding exposure to tax penalties and otherwise reducing their damages.

As a result of the Defendants' fraudulent and negligent conduct, the Plaintiffs paid fees and premiums of over $4,000,000.00 for an individual tax strategy and have paid the IRS and State of Illinois full back-taxes, $1,469,448.69 in interest, and $1,341,512.00 in penalties.

## II. ARGUMENT AND AUTHORITIES

The Deutsche Defendants argue that Sections 3 and 206 of the FAA require this Court to enter a stay in this case in favor of arbitration.[3] Plaintiffs acknowledge that the Federal Arbitration Act ("FAA") favors arbitration and that, pursuant to the FAA, a court must compel arbitration if it is satisfied that the claim at issue is within the scope of a valid, enforceable agreement to arbitrate.[4] In deciding whether to compel arbitration of a claim, the court must first consider whether the claim is generally subject to compulsory arbitration, whether the parties have executed a valid arbitration agreement, and whether the claim is within the scope of the agreement.[5]

Although arbitration is favored as a general matter, the scope of arbitration is nonetheless determined by the general rules governing contracts and, thus, a party cannot be required to submit to arbitration any dispute that the party has not agreed to submit. *Howsam v. Dean Witter*

---

[2] Jenkens & Gilchrist is not named as a Defendant herein due to an $81.55 million class action settlement approved in *Denney* and now on appeal to the Second Circuit.
[3] Deutsche Motion at 6.
[4] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*, 460 U.S. 1, 24-25 (1983); see 9 U.S.C. §§ 3, 4.
[5] *See, e.g., Galt v. Libbey-Owens-Ford Glass Co.*, 376 F.2d 711, 714-715 (7th Cir. 1967).

---

**Plaintiffs' Response to the Deutsche Defendants' Motion to**
**Compel Arbitration and Stay the Proceedings** 2

*Reynolds, Inc.,* 537 U.S. 79, 83, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002*)* (quoting *Steelworkers v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)); *see also First Options of Chicago v. Kaplan,*514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) ("[A]rbitration is simply a matter of contract between the parties; it is a way to resolve those disputes--but only those disputes--that the parties have agreed to submit to arbitration.").

The Deutsche Defendants acknowledge that the Account Agreements containing the arbitration provision prohibits, **on its face**, the Deutsche Defendants from seeking to compel arbitration of claims brought by the Plaintiffs, who are members of a certified settlement class and of another putative class alleged in *Denney*. The Deutsche Defendants, however, incorrectly and without only legal authority, argue that they, nevertheless, have the right to compel arbitration of and, as a result, stay Plaintiffs' claims (*a contention which undoubtedly voids their agreement with the Plaintiffs*)[6] because Plaintiffs have allegedly disavowed the *Denney* class action by bringing this lawsuit.

A. **THE DEUTSCHE DEFENDANTS ARE PROHIBITED FROM SEEKING ARBITRATION AND THUS OBTAINING A STAY OF ANY OF PLAINTIFFS' CLAIMS.**

As noted above, the Deutsche Defendants are presently prohibited from seeking arbitration of any of Plaintiffs' claims by the very terms of their own agreements. The Account Agreements with DBSI state:

> No person shall … seek to enforce any pre-dispute arbitration agreement against any person who has initiated in court a putative class action; or **who is a member of a putative class who has not opted out of the class with respect to any claims encompassed by the punitive (sic) class action**…."[7]

It is undisputed that the all of the Plaintiffs are members of a certified settlement class and

---

[6] *See, e.g.*, *Mueske v. Piper, Jaffray & Hopwood, Inc.*, 859 P.2d 444, 450 (Mont. 1993).
[7] *See* Account Agreement, attached as <u>Exhibits 1 and 2</u> to the Deutsche Defendants' Memorandum of Law in Support of Their Motion to Compel Arbitration and to Stay the Proceedings.

**Plaintiffs' Response to the Deutsche Defendants' Motion to
Compel Arbitration and Stay the Proceedings** 3

members of a putative class that has not yet been certified.

On February 18, 2005, in *Denney v. Jenkens & Gilchrist, et al.*, the court entered a Final Judgment and Order certifying a settlement class against the law firm of Jenkens & Gilchrist, which includes:[8]

> All persons who, from January 1, 1999, through December 31, 2003, inclusive, either (1) consulted with, relied upon, or received oral or written opinions or advice from Jenkens & Gilchrist or any Jenkens & Gilchrist attorney concerning any one or more of the Tax Strategies and who in whole or in part implemented, directly or indirectly, any one or more of the Tax Strategies or (2) filed with a Person described in (1) a joint tax return for the year(s) in which such Tax Strategy was implemented.

*See* Final Judgment and Order at p. 3. The Plaintiffs in this case are members of the Jenkens class, which has been certified for settlement purposes. In addition, the Plaintiffs are also members of other putative classes alleged in the *Denney* case that have not yet been certified.[9] The Plaintiffs have not opted out of any of these classes.

The language prohibiting the Deutsche Defendants from seeking to compel arbitration of a claim by a member of a putative class action is drawn directly from the rules of the NASD, which the Deutsche Defendants, as the drafter of the Account Agreements, intentionally chose to govern the Agreements. According to NASD Rules, "any claim filed by a member or members of a putative or certified class action is also ineligible for arbitration at the Association if the claim is encompassed by a putative or certified class action filed in federal or state court….".[10] Further, "[n]o member or associated person shall seek to enforce any agreement to arbitrate

---

[8] *See* Final Judgment and Order in *Denney*, which is attached hereto as Exhibit "A". The *Denney* class certification was made final and the Jenkens settlement was approved on February 18, 2005. *See Denney v. Jenkens & Gilchrist*, No. 03 Civ. 5460 (SAS), 230 F.R.D. 317, 2005 WL 388562 (S.D.N.Y. Feb. 18, 2005).

[9] *See also* Second Amended Complaint in the *Denney* case, which is attached hereto as Exhibit "B", in which certification is also sought of classes involving the Deutsche Defendants, among others.

[10] NASD Rule 10301(2).

against a customer … who … is a member of a putative or certified class with respect to any claims encompassed by the class action…".[11] Following these very rules, the Seventh Circuit has held that a class action claim was outside the scope of arbitration if the arbitration is to be conducted in accordance with the NASD or NYSE rules. *Neilsen v. Piper, Jaffray & Hopwood, Inc.*, 66 F.3d 145 (7th Cir. 1995). The Supreme Court of Montana went even further, holding that the failure to comply with the NASD rules, which the drafting party had chosen in a contract, rendered the arbitration clause **void**. *Mueske v. Piper, Jaffray & Hopwood, Inc.*, 859 P.2d 444, 450 (Mont. 1993). Accordingly, none of Plaintiffs' claims against the Deutsche Defendants are presently arbitrable because the Deutsche Defendants are prohibited from enforcing or attempting to compel arbitration at this time pursuant to the plain and unambiguous language in ***their own*** Account Agreements and the NASD Rules. Therefore, the Deutsche Defendants are clearly not entitled to compel arbitration or to work-around this prohibition by obtaining a stay of any of Plaintiffs' claims.

**B.     THE PLAINTIFFS HAVE NOT DISAVOWED THE *DENNEY* CLASS MECHANISM.**

The Deutsche Defendants, without any supporting legal authority and in direct contradiction of prior decisions on this issue, contend that by filing this action the Plaintiffs have somehow "disavowed" the *Denney* class mechanism and the "class action" exception no longer prohibits Deutsche Bank from compelling arbitration and obtaining a stay under the FAA. This contention is unavailing. The Deutsche Defendants' Account Agreements state that they are prohibited from seeking to compel arbitration against the Plaintiffs until (1) the class certification is denied, (2) the class is decertified, or (3) the customer is excluded from the class by the Court. In this case, none of these contingencies has been met. In fact, the Plaintiffs have not even been

---

[11] NASD Rule 10301(3).

presented with any opportunity to make such a decision with respect to the non-settlement classes alleged in *Denney*, including those classes alleged against the Deutsche Defendants.

Recognizing this flaw, the Deutsche Defendants now seek to add a fourth contingency, after the fact, to the contract that they prepared – that once a customer initiates separate litigation, the prohibition against seeking to compel arbitration is lifted. However, if the Deutsche Defendants had intended for this to vitiate the prohibition against seeking to force a putative class member to arbitrate, then they could have put such language into the Agreements at the time they were signed by the Plaintiffs. The Deutsche Defendants failed to do so and must now live with the language that they drafted. *See Wright v. Chicago Title Ins. Co.*, 196 Ill.App.3d 920, 925, 554 N.E.2d 511, 514 (Ill.App. 1990)(recognizing, under Illinois law, "strong presumption against provisions that easily could have been included in the contract but were not" and holding that "where a contract is clear and unambiguous, a court will not add terms simply to reach a more equitable agreement").

For the past three years, a substantial number of individuals, who are also putative class members in *Denney,* have filed numerous lawsuits throughout the country involving the Tax Strategies. In virtually all of these cases, the Deutsche Defendants conceded that they did not have a present right to arbitrate due to the putative class in *Denney* and the Deutsche Defendants, rather than seeking to compel arbitration, sought stays pending the certification issues in *Denney*. Only recently – after Courts have repeatedly denied the Deutsche Defendants motions to stay the case – have the Deutsche Defendants contended that they now have a present right to arbitrate notwithstanding the putative class in *Denney*. However, by conceding in these earlier lawsuits (including the *Wilson* case pending in this Court)[12] that they were prohibited from seeking

---

[12] The *Wilson* case is discussed at page 9 herein.

**Plaintiffs' Response to the Deutsche Defendants' Motion to
Compel Arbitration and Stay the Proceedings** 6

arbitration because of the *Denney* class, the Deutsche Defendants have illustrated the shortcoming of their present argument; *i.e.*, that nothing in the Account Agreements prevents the Plaintiffs from pursuing litigation while they await resolution of the class certification in *Denney*. Indeed, **none** of the courts that have denied the Deutsche Defendants' motions to stay throughout the country have held that the plaintiffs have removed themselves from the *Denney* class by proceeding with separate actions.[13]

Notably, in *Blythe v. Deutsche Bank AG*,[14] Judge Scheindlin (who is also the presiding judge in the *Denney* class action) held:

> I am not persuaded that the drastic remedy of a stay is justified here. *Denney* is at an early stage; it is unlikely, although possible, that class certification issues in *Denney* will be resolved within a year. It is important to note that *Blythe* includes claims that are not encompassed by *Denney*. Plaintiffs in this case should not be required to wait for a year, and perhaps more, for their individual claims – those not encompassed in *Denney* – to advance. . . . It would be entirely improper to stay plaintiffs' claims against BDO and Deutsche Bank in favor of *Denney,* while the *Denney* plaintiffs are barred from proceeding as to those defendants. Moreover, while proceedings in *Denney* as to those defendants are stayed, the class issues in *Denney cannot* be resolved; *Denney* is effectively dead in the water. Contrary to Deutsche Bank's argument, therefore, plaintiffs are not presently able to litigate their case in *Denney* and in *Blythe* simultaneously, even

---

[13] *See Blythe v. Deutsche Bank AG, et al.,* No. 04 Civ. 5867 (SAS)(S.D.N.Y. Jan. 7, 2005)(denying motion to stay)(attached hereto as Exhibit "C"); *RA Investments I, LLC v. Deutsche Bank AG*, No. 3:04-CV-1565-G(N.D. Tex. January 10, 2005)(denying motion to stay)(attached hereto as Exhibit "D"); *Armitage v. BDO Seidman LLP, et al.*, No. SACV-04 1035-AHS (C.D. Cal. February 14, 2005)(denying motion to stay)(attached hereto as Exhibit "E"); *Tice v. BDO Seidman LLP, et al.,* No. SACV-04-05-AHS (C.D. Cal. December 31, 2004)(denying motion to stay)(attached hereto as Exhibit "F"); *Barron v. Deutsche Bank AG,* No. SACV-04-00401-AHS (C.D. Cal. December 31, 2004)(denying motion to stay)(attached hereto as Exhibit "G"); *but see Plyler v. BDO Seidman LLP, et. al.*, No. 04-2146 B V (W.D. Tenn. December 29, 2004(Anderson, M.J.))(Report and Recommendation)(granting motion to stay); *Donald R. Wilson, Jr., et al. v. Deutsche Bank AG,* No. 05-C-3473 (N.D.Ill. Mar. 20, 2006) (Memorandum Opinion and Order)(granting motion to stay, but recognizing that Deutsche Bank did not have a present right to arbitrate due to *Denney* class).
[14] No. 04 Civ. 5867 (SAS)(S.D.N.Y. Jan. 7, 2005).

---

insofar as those cases overlap."[15]

Judge Scheindlin, the Judge closest to the issue, obviously believed that pursuing litigation parallel to the *Denney* class in no way endangered the Blythe plaintiffs' status as *Denney* class members and in fact was proper.

Further, the Deutsche Defendants cite no specific authority for their argument that a putative class member can disavow a class mechanism before being given an opportunity to decide (*i.e.,* opt out), and the position is illogical on its face. In fact, counsel for the Deutsche Defendants was asked repeatedly at a hearing on this exact issue in a different case earlier this month, whether there was any authority that filing a separate lawsuit means that a plaintiff has "elected not to participate in the class action."[16] The Deutsche Defendants had no answer other than the *Wilson* decision out of this Court. However, in *Wilson*, the Deutsche Defendants merely sought a stay of the proceedings and conceded that they did ***not*** have a present right to arbitrate. *See* Memorandum Opinion and Order, dated March 20, 2006, *Donald R. Wilson, Jr., et al. v. Deutsche Bank AG,* No. 05-C-3473 in the United States District Court for the Northern District of Illinois ("The [Deutsche] defendants apparently agree that they cannot presently compel arbitration with plaintiffs….)(attached hereto as Exhibit "H"). The *Wilson* Opinion does not in any way support the Deutsche Defendants' argument that the Plaintiffs have somehow

---

[15] *Blythe* at 22. Like the *Blythe* case, the Plaintiffs here have brought claims against the Deutsche Defendants that are not encompassed by *Denney*. Further, as predicted by Judge Scheindlin, the class issues in *Denney* have not as of this date been resolved. *Denney* is currently stayed pending a third appeal to the Second Circuit. Not surprisingly, the Deutsche Defendants have been appellants in all three *Denney* appeals.

[16] *See* Motions Transcript, *John Williams, et al. v. Deutsche Bank AG, et al.*, No. 04-7318-M in the District Court of Dallas County, Texas, dated May 1, 2006, a true and correct copy of which is attached hereto Exhibit "I". An almost identical exchange took place during a recent hearing in the *Blythe* case on a virtually identical Motion by the Deutsche Defendants. The Plaintiffs will submit the transcript of this hearing upon receipt.

disavowed the *Denney* class by bringing the present lawsuit.[17]

## IV. CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that this Court DENY the Deutsche Defendants' Motion to Compel Arbitration and Stay the Proceedings in its entirety.

---

[17] Notably, the Deutsche Defendants' request for a stay is premised solely on the FAA and the Deutsche Defendants' have made no request for this Court to enter any other discretionary stay.

Respectfully submitted this 12th day of May, 2006.


*/s/ Jeven R. Sloan*
_____

| | |
|---|---|
| DAVID R. DEARY | ROBERT J. WEBER |
| W. RALPH CANADA, JR. | LAW OFFICE OF ROBERT J. WEBER |
| JEVEN R. SLOAN | 30 N. LaSalle Street, Suite 2900 |
| DEARY MONTGOMERY DEFEO & CANADA, L.L.P. | Chicago, IL 60602 |
| Chateau Plaza, Suite 1565 | (312) 499-4500 |
| 2515 McKinney Avenue | Firm ID No. 25892 |
| Dallas, Texas 75201 | |
| (214) 292-2600 | LOCAL COUNSEL FOR PLAINTIFFS |
| (215) 739-3879 (fax) | |
| | |
| LEAD ATTORNEYS FOR PLAINTIFFS | |
| | |
| WHATLEYDRAKE, LLC | CORY WATSON CROWDER & DEGARIS |
| JOE R. WHATLEY, JR. | ERNEST CORY |
| OTHNI LATHRAM | 2131 Magnolia Avenue |
| 2323 2nd Avenue North | Birmingham, Alabama 35205 |
| Birmingham, Alabama 35203 | (205) 328-2200 |
| (205) 328-9576 | (205) 324-7896 (fax) |
| (205) 328-9669 (fax) | |
| | ATTORNEYS FOR PLAINTIFFS |
| ATTORNEYS FOR PLAINTIFFS | |

## CERTIFICATE OF SERVICE

      I hereby certify that on May 12, 2006 I electronically filed the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court. A true and correct copy of the foregoing document was served via email upon all parties or their counsel of record as follows:

| | |
|---|---|
| *Counsel for Deutsche Bank AG and Deutsche Bank Securities Inc.:* | Seth Farber<br>Larry Hill<br>Dewey Ballantine LLP<br>1301 Avenue of the Americas<br>New York, NY 10019 |
| *Local Counsel for Deutsche Bank AG, Deutsche Bank Securities Inc., Craig Brubaker and David Parse:* | Jerrold E. Salzman<br>Joseph P. Adamczyk<br>Freeman Freeman & Salzman, PC<br>401 North Michigan Avenue<br>Suite 3200<br>Chicago, Illinois 60611-4207 |
| *Counsel for Craig Brubaker and David Parse*: | Susan E. Brune<br>Theresa Trzaskoma<br>Brune & Richard, LLP<br>80 Broad Street<br>New York, NY 10004<br><br>Laurie Edelstein<br>Brune & Richard, LLP<br>2019 Webster Street<br>San Francisco, CA 94115 |
| *Counsel for White & Case LLP*: | Alan Madans<br>Daniel A. Cummings<br>Rothschild, Barry & Myers<br>55 West Monroe St., S. 3900<br>Chicago, IL 60603 |
| *Counsel for Banc One Investment Advisors, n/k/a JPMorgan Chase; Bank One Corp., n/k/a JPMorgan Chase; and American National Bank & Trust, n/k/a JPMorgan Chase*: | Thomas M. Durkin<br>Daniel G. Hildebrand<br>J. Gregory Deis<br>Mayer, Brown, Row & Maw LLP<br>71 S. Wacker Drive<br>Chicago, IL 60606 |

| | |
|---|---|
| *Counsel for Scott Deichmann, Jeffrey Conrad and John Ohle, III:* | David J. Stetler<br>Todd J. Haugh<br>Stetler & Duffy, Ltd<br>11 S. LaSalle Street<br>Suite 1200<br>Chicago, IL 60603 |
| *Matt Colnon:* | Tom Cronin<br>Cummins & Cronin, LLC<br>77 West Wacker Drive, Suite 4800<br>Chicago, Illinois 60601 |

*/s/ Jeven R. Sloan*
_____
Counsel for Plaintiffs